# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROXANNE GRINAGE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 09-4119 |
| | : | |
| FERN BROWN CAPLAN, ESQUIRE, et al., | : | |
| Defendants. | : | |

**GOLDBERG, J.**                                                                                                            **March 17, 2010**

## MEMORANDUM OPINION

This case involves a Section 1983 action against Philadelphia Court of Common Pleas Judge Shirdan-Harris.[1] Plaintiff seeks relief from Judge Shirdan-Harris's order in a state court custody dispute.

## I.     BACKGROUND

Plaintiff, proceeding pro se, filed her original Complaint on September 15, 2009, and subsequently filed an Amended Complaint on October 16, 2009. Defendant Judge Shirdan-Harris filed the instant Motion to Dismiss on November 2, 2009. Plaintiff filed an opposition to Defendant's Motion on November 9, 2009.

The original Complaint alleged that Judge Shirdan-Harris issued an order on August 17, 2009, which awarded primary physical custody of Plaintiff's grandchildren to the children's father. The mother, Plaintiff's daughter, was awarded partial custody, and the order further provides that

---

[1] Aside from the specific allegations raised against Judge Shirdan-Harris, the Complaint generally alleges violations of Plaintiff's First, Fourth, Fifth, Sixth, Seventh, Ninth and Tenth Amendments rights, which presumably is a claim under 42 U.S.C. § 1983. (Complaint, ¶ 14.)

1

Plaintiff's rights are derivative of her daughter's custodial rights. (Def.'s Motion, Ex. A.) The original Complaint alleged that this order was "criminal[ly] contrived" and "financially incented" and sought an injunction and restraining order prohibiting: enforcement of the order; Plaintiff's arrest; and forced entry into Plaintiff's home. (Complaint, ¶¶ 4, 14.)

Plaintiff's Amended Complaint does not, however, contain any allegations against Judge Shirdan-Harris. However, because Plaintiff is a pro se litigant, we will examine the validity of the claims raised against Judge Shirdan-Harris in Plaintiff's original Complaint.

## II. ANALYSIS

### A. Federal District Court Review of a State Court Judgment

Federal district courts lack subject matter jurisdiction to review challenges that are the functional equivalent of an appeal of a state court judgment. Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004); see also, District of Columbia Court of Apeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Supreme Court has held that Rooker-Feldman applies where "state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invite[] district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Under the Rooker-Feldman doctrine, a federal district court has no authority to review judgments of a state court where the losing party is complaining of injury from that judgment. Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008). The Rooker-Feldman doctrine encompasses claims actually raised in state court and claims not raise but that are inextricably intertwined with the state court judgment. See Twenty-Eight Thousand Four Hundred Dollars v. Pennsylvania, 274 Fed.Appx. 122, 123 (3d Cir. 2008).

Here, at least in the original Complaint, Plaintiff has requested that we issue an injunction and restraining order prohibiting the enforcement of a family court order from the Philadelphia Court of Common Pleas, which is precisely what the precedent outlined above mandates that we cannot do. See White v. Supreme Court of N.J., 319 Fed.Appx. 171, 173 (3d Cir. 2009) (Rooker-Feldman bars a request to nullify a state court ruling). The Pennsylvania appellate courts were the proper forum in which to address Plaintiff's claims. In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005). Therefore, under the Rooker-Feldman doctrine, we have no jurisdiction to hear Plaintiff's case. See McCurdy v. Esmonde, 2003 WL 223412, at *7 (E.D.Pa. 2003) (Rooker-Feldman barred Section 1983 action in connection with child support proceedings); Carpenter v. Pennell School Dist. Elementary Unit, 2002 WL 1832854, at *3 (E.D.Pa. 2002) (Rooker-Feldman barred suit seeking reversal of statue custody decree).

Furthermore, there is no federal jurisdiction over domestic relations. Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12 (2004). "In general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." Id. at 13. Here, all of Plaintiff's claims stem from a custody order, which this Court has no jurisdiction to review.

B. Judicial Immunity

Absent a state's consent, all states and state entities, including Judge Shirdan-Harris as a Judge in the Philadelphia Court of Common Pleas, are entitled to immunity under the Eleventh Amendment. See Lombardo v. Pa., Dep't of Public Welfare, 540 F.3d 190, 194-95 (3d Cir. 2008). The Eleventh Amendment deprives a federal court of subject matter jurisdiction over states and state entities where there is no consent. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir. 1996). Pennsylvania has not waived its sovereign immunity, and there are no applicable

exceptions to the Eleventh Amendment at issue here. 42 PA. CONN. STAT. ANN. § 8521(b); Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 324 (3d Cir. 2002) (exception to Eleventh Amendment immunity when there is an on going violation of a federal right).

A suit against a state official in her official capacity is the same as a suit against the state, thus entitling those officials to the state's immunity. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system," and "court" includes "any one or more of the judges of the court. . . ." 42 PA. CONN. STAT. ANN.§ 102. Pennsylvania courts of common pleas are part of the Unified Judicial System. See 42 PA. CONN. STAT. ANN. § 301(4); Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000). Thus, Judge Shirdan-Harris as a Judge of the Philadelphia Court of Common Pleas, which is part of the Unified Judicial System, is entitled to immunity in her official capacity. See Benn v. First Judicial District, 426 F.3d 233, 239-40 (3d Cir. 2005). Therefore, Plaintiff's allegations against Judge Shirdan-Harris must fail.

C. Section 1983

Similarly, to survive a motion to dismiss on a Section 1983 civil rights act claim, the plaintiff must allege that a "person" committed a violation. A defendant sued in a Section 1983 action in her official capacity is not a "person" within the meaning of Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 63 (1989).

Here, Plaintiff has alleged that Judge Shirdan-Harris violated her civil rights in a family court order. (Complaint, ¶¶ 5-6.) Judge Shirdan-Harris was acting in her official capacity as a Judge in the Philadelphia Court of Common Pleas in issuing that order, so she is not a "person" within the meaning of Section 1983. Therefore, Plaintiff's claims must fail.

4

## III. CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction over Plaintiff's claims and Judge Shirdan-Harris has judicial immunity. Accordingly, this Court need not otherwise address the merits of Plaintiff's claims. Our Order follows.